J-S95029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JORGE GEORGE FRATICELLI | |
| Appellant | No. 1997 EDA 2016 |

Appeal from the PCRA Order May 25, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004827-1994

BEFORE:  STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                **FILED MAY 23, 2017**

Jorge George Fraticelli appeals from the May 25, 2016 order entered in the Delaware County Court of Common Pleas dismissing as untimely his petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. We affirm.

On July 18, 1995, a jury convicted Fraticelli of second-degree murder, robbery, conspiracy, and firearms not to be carried without a license.[1]  On September 26, 1995, the trial court sentenced Fraticelli to life imprisonment for the second-degree murder conviction, a concurrent term of 6 to 24 months' imprisonment for the conviction for firearms not to be carried

---

[1]  18 Pa.C.S. §§ 2502, 3701(a)(2), 903(a)(1), and 6106(a), respectively.

without a license, and a concurrent term of 36 to 72 months' imprisonment for the conspiracy conviction. On November 3, 1997, this Court affirmed the judgment of sentence. On July 30, 1998, the Pennsylvania Supreme Court denied his petition for allowance of appeal.

Fraticelli then filed numerous petitions in state and federal court seeking post-conviction relief, all of which were denied.

On February 25, 2016, Fraticelli filed the instant PCRA petition alleging that he was entitled to relief pursuant to *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). On March 9, 2016, the PCRA court issued a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907, and, on May 25, 2016,[2] it dismissed the petition as untimely. On June 24, 2016, Fraticelli filed a timely notice of appeal.

On appeal, Fraticelli raises the following issue for our review:

> 1. Whether [Fraticelli's] Instant PCRA Petition Predicated Upon The United States Supreme Court's Decision Announced In *Miller v. Alabama*, 567 U.S. (2012), Is Timely Filed Under The Purview Of 42 Pa.C.S. §9545(b)(1)(iii)?
>
> II. Whether The Court's Imposition Of An Illegal Mandatory Life Without Parole Sentence, For A Homicide Offense Committed While [Fraticelli] Was A Juvenile, Violates The

---

[2] Although the order dismissing the PCRA petition was dated May 24, 2016, the docket states it was not served on the parties until May 25, 2016. *See* Pa.R.A.P. 108(a)(1) (stating that day of entry shall be day clerk of court mailed copies of order to parties).

Eighth Amendment's Prohibition On "Cruel And Unusual Punishments,'" As A Result Of:

(A). **Miller's** Application Being Binding Upon All States;

(B). Appellant Is A Juvenile Under Pennsylvania Law; And

(C). Equal Protection Demands **Miller's** Application.

Fraticelli's Br. at 2.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

This Court affirmed Fraticelli's judgement of sentence on November 3, 1997, and the Supreme Court denied allowance of appeal on July 30, 1998. Therefore, as Fraticelli concedes, his current PCRA petition filed on February 25, 2016 is facially untimely.

Fraticelli's petition remains untimely unless it alleges and proves a PCRA time-bar exception. Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Fraticelli argues that his petition was timely because he asserted a constitutional right that was held to apply retroactively. Fraticelli relies on the United States Supreme Court's decisions in *Miller* and *Montgomery*. In *Miller*, the Supreme Court held that a sentence of life imprisonment without the possibility of parole was unconstitutional when imposed upon defendants who were "under the age of 18 at the time of their crimes." 132 S.Ct. at 2460. In *Montgomery*, the Supreme Court held that its *Miller* decision

applied retroactively to cases on state collateral review. ***Montgomery***, 136 S.Ct. at 732.

Fraticelli was 18 at the time he committed the murder for which he was convicted.[3] We have held that ***Miller***'s prohibition of life without parole sentences does not apply to those who were 18 or older at the time of the offense.[4] ***See Commonwealth v. Cintora***, 69 A.3d 759, 764 (Pa.Super.

_____

[3] Fraticelli was born on February 28, 1976 and committed the offenses on December 12, 1994.

[4] Fraticelli relies on the definition of "minor" contained in the Statutory Construction Act of 1972 and the definition of "child" contained in the Juvenile Act to support his contention that ***Miller*** should apply to him.

The Statutory Construction Act of 1972 provides: "word and phrases, when used in any statute finally enacted on or after September 1, 1937, unless the context clearly indicates otherwise, shall have the meanings given to them in this section: . . . **"Minor."** An individual under the age of 21 years." 1 Pa.C.S. § 1991. Further, the Juvenile Act provides the following definition:

> **"Child."** An individual who:
>
> (1) is under the age of 18 years;
>
> (2) is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years; or
>
> (3) is under the age of 21 years and was adjudicated dependent before reaching the age of 18 years, who has requested the court to retain jurisdiction and who remains under the jurisdiction of the court as a dependent child because the court has determined that the child is:
>
>> (i) completing secondary education or an equivalent credential;

*(Footnote Continued Next Page)*

2013) (concluding that, for appellants, who were 19 and 21 at time of offense, "the holding in *Miller* does not create a newly-recognized constitutional right that can serve as the basis for relief");[5] *see also Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa.Super. 2016)

*(Footnote Continued)* ─────────────────

> (ii) enrolled in an institution which provides postsecondary or vocational education;
>
> (iii) participating in a program actively designed to promote or remove barriers to employment;
>
> (iv) employed for at least 80 hours per month; or
>
> (v) incapable of doing any of the activities described in subparagraph (i), (ii), (iii) or (iv) due to a medical or behavioral health condition, which is supported by regularly updated information in the permanency plan of the child.

42 Pa.C.S. § 6302. We have found no cases applying these statutes to determine whether *Miller* applies to a particular defendant. In addition, the Statutory Construction Act is inapplicable because we are applying case law, not a statute, and it is clear *Miller* applies only those under the age of 18. Further, Fraticelli did not "commit[] an act of delinquency before reaching the age of 18" and was not adjudicated dependent before reaching the age of 18. *See* 42 Pa.C.S. § 6302.

[5] In *Cintora*, this Court rejected the appellants' argument that it would violate the equal protection clause to deny them relief pursuant to *Miller*. The appellants had argued that *Miller* should apply to defendants under the age of 25 "because *Miller* created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25." 69 A.3d at 764. The Court noted that the appellants' "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." *Id.* (emphasis in original).

(reaffirming **Cintora**'s holding that petitioners who were 18 or older "at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception").[6]

In sum, because Fraticelli was 18 at the time of the offense, **Miller** does not apply, and Fraticelli has failed to satisfy the new constitutional right exception to the PCRA time-bar. Therefore, we conclude the PCRA court did not err in dismissing the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017

_____

[6] This Court has, at times, stated that petitioners who were "older than 18" were not entitled to relief. **See Furgess**, 149 A.3d at 94. However, the Supreme Court in **Miller** held "that mandatory life without parole for those **under the age of 18** at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" We will not extend this holding to those who were the age of 18 at the time of the offense.